# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIXTA CHEONG CHAN, <br> (A Number: 214-785-115) <br><br><br> Petitioner, <br> v. <br><br> MARKWAYNE MULLIN, *Secretary, U.S. Dep't of Homeland Sec.*, et al., <br><br> Respondents. | Case No. 1:26-cv-01667-JLT-EGC <br><br> **ORDER GRANTING MOTION TO AMEND** <br><br> (Doc. 9) |

Calixta Cheong Chan is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* Doc. 1) She filed a motion to amend the petition on May 24, 2026. (Doc. 9). Counsel for Petitioner declares that leave to amend is sought "to include a claim for violations of Substantive Due Process and the Administrative Procedure Act resulting from Petitioner's prolonged detention in removal proceedings." (Doc. 9 at 3).

The Federal Rules of Civil Procedure require that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is to be applied with "extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1041 (9th Cir. 2003), and "[a]mendments seeking to add claims are to be granted more freely than amendments adding parties," *Union Pacific R. Co. v. Nev. Power Co.,* 950 F.2d 1429, 1432 (9th Cir. 1991). Given this liberal standard governing motions to amend and Respondent's lack of opposition, (*see* Docket), the Court will grant Petitioner's motion.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to amend the petition, (Doc. 9), is GRANTED. Respondents are GRANTED leave to file a supplemental response within

seven (7) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **June 30, 2026**

_____
UNITED STATES MAGISTRATE JUDGE